# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| MAURICE H. SOCHIA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No.  SA-06-CA-1006-XR |
| ) | |
| THE FEDERAL-REPUBLIC'S ) | |
| CENTRAL GOVERNMENT, ) | |
| ) | |
|     Defendant. ) | |

## ORDER

On this date, the Court considered the status of this case. The Court DISMISSES WITH PREJUDICE Plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Alternatively, the Court DISMISSES WITH PREJUDICE Plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6). The Court finds that Plaintiff has "advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts." *Stearman v. Commissioner*, 436 F.3d 533, 537 (5th Cir. 2006). The Clerk is instructed to close this case.

### I. Plaintiff's History of Filing Claims that Lack Legal Merit

**A.     1989 Tax Return**

Plaintiff has a history of filing various claims against the Internal Revenue Service ("IRS"). In 1989, he refused to provide information to the IRS about his income and expenses. The IRS assessed various amounts as taxes and penalized him for filing a frivolous return. He subsequently filed suit in Tax Court, and after he refused to follow Orders from the Tax Court his suit was

dismissed. He also filed suit in the district court complaining about the $500 penalty assessed against him for filing a frivolous tax return. The court granted summary judgment in favor of the IRS. Notably, the Court ruled that Plaintiff resides in the State of Texas and is therefore subject to the federal tax laws. *Sochia v. U.S.*, No. SA-93-CA-391, 1993 WL 721286, *3 (W.D. Tex. Oct. 27, 1993). Relying upon the Federalist Papers and invoking "natural law," Plaintiff appealed both matters to the Fifth Circuit. Fifth Circuit Nos. 93-5601 and 93-8805.

The Fifth Circuit concluded that Plaintiff's pleadings clearly failed to satisfy the requirements of the Tax Court. In addition, the Fifth Circuit concluded that his remaining issues "totally lack merit and require no comment." The Fifth Circuit went on to uphold the penalty assessed against Plaintiff because of the "frivolous position" advanced by him. Finally, double costs in the appeals were assessed against him. *Sochia v. United States*, 23 F.3d 941 (5th Cir. 1994), *cert. denied*, 513 U.S. 1153 (1995).

**B.     1990-1991 Tax Returns**

In a petition filed by Plaintiff in the United States Tax Court, he alleged that with regard to his 1990 and 1991 tax returns, he was a resident and citizen of Texas and was not subject to United States income taxes; that he filed "Fifth Amendment" returns of income and was justified in doing so; and that the U.S. tax system is voluntary and he had not elected to file returns thereunder. In rejecting his claims, the Tax Court noted that his "contentions are stale ones, long settled against them. As such, they are frivolous." *Sochia v. U.S.*, 70 T.C.M. (CCH) 913, 1995 WL 581089 (Oct. 4, 1995).

**C.     1993-1994 Tax Returns**

Plaintiff filed a Form 1040 for 1993 on or about April 15, 1994. Most of the lines on that

form (including line 31, adjusted gross income) were completed with the words "Object – 5th Amend." However, they included numbers for a business loss on line 12. On April 19, 1995, Plaintiff sent to the IRS a document entitled "joint income tax return, 1994". This document was not a Form 1040 but was a document generated by Plaintiff. He argued again to the Tax Court that the federal income tax violates various amendments of the U.S. Constitution and that so-called "Fifth Amendment returns" are valid. The Tax Court rejected all his claims. T.C. Memo. 1998-294, 1998 WL 470664. Further, the Tax Court exercised its discretion under section 6673(a)(1) and ordered Plaintiff to pay a penalty to the United States in the amount of $5,000 for each of the years at issue.

### D.     1994-1995 Tax Years

Between January and July 1994, the IRS sent five preliminary collection notices and two delinquent tax notices to Plaintiff. Continued nonpayment by him compelled the IRS to issue a Notice of Levy in October 1994 to financial institutions where he maintained savings and retirement accounts. One month later, the San Antonio Teachers Credit Union disbursed a check to the IRS, drawn on his account, for $22,675.95. In August 1995, Plaintiff filed an "Administrative Appeal for Funds Illegally Assessed and Collected by Levy" with the IRS. Plaintiffs claimed a tax refund for three reasons: (1) the IRS cannot compel citizens to file tax returns; (2) the IRS cannot file a "Substitute Form 1040" and use this as a basis for assessing tax liability; and (3) the IRS failed to comply with the statutory "Notice and Demand" requirements before levying on taxpayer property. *Sochia v. U.S.*, 1997 WL 375315, *1 , No. 96-555 (Fed. Cl. April 2, 1997). The Court of Federal Claims concluded that it lacked subject matter jurisdiction over Plaintiff's action and granted the Government's motion to dismiss.

**E.     1998 Lawsuit**

On December 3, 1998, Plaintiff again filed a complaint in the Western District of Texas. 98-CV-1100.  The case was unpublished, and the records from that case are in the Court's closed files and were not retrieved for review in this matter.  The few records electronically available indicate that the case was summarily dismissed on January 19, 1999.  The Fifth Circuit affirmed dismissal based upon Plaintiff's failure to pay prior sanctions.  99-50262.

**F.     2004 Lawsuit**

On July 12, 2004, Plaintiff filed a Petition to Quash various summonses issued by an agent of the IRS.  The summonses pertain to records needed to evaluate his most recent failure to pay federal income taxes.  Plaintiff claimed that he was not a "Subject-Citizen" of the "Federal-Republic's Central Government."  Accordingly, he claimed for "reasons of their alienage" that he is not liable for payment of any federal taxes.  This Court denied Plaintiff's Motions to Quash on July 19, 2004.  In a 27 page, single-spaced typed "Motion to Review the Merits of the 'Order'", Plaintiff sought reconsideration of the Court's Order denying their motions to quash.

>In footnote 1 to that Order on motion for reconsideration, this Court stated the following:
>
>While claiming that they are "Sovereign Citizens" and not required to pay federal income taxes, the Court notes that Petitioners have had no difficulty enjoying the benefits of U.S. citizenship.  One petitioner is a retired school teacher, who taught at institutions that were the recipient of federal funds.  The other petitioner is a retired junior college professor, who also taught at an institution that received federal funds.  At least one of the petitioners is apparently receiving social security benefits.  They use services provided by the U.S. Postal Service.  They are protected by members of the U.S. Armed Forces.  They have repeatedly sought recourse in the judicial system.  They in all likelihood travel upon roads in the interstate highway system.  Taxes are understood as necessary in order that the general benefits of government may be secured.  Although citizens maintain the right to petition their representatives as to whether their taxes are properly being assessed and spent, with rights and benefits come responsibilities and obligations.

The Court concluded that Plaintiff's objections were without merit and reaffirmed the decision denying the motion to quash.

The Court concluded the Order by stating the following:

> **IT IS FURTHER ORDERED** that inasmuch as Petitioners have been advancing the same frivolous arguments since 1989, the filing by Petitioners of any further frivolous Complaints or Motions may result in (a) the imposition of <u>significant</u> monetary sanctions pursuant to Rule 11, (b) the imposition of an Order barring Petitioners from filing any Complaints or Motions in this Court without first obtaining permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit, or (c) the imposition of an Order imposing some combination of those sanctions.

### III. Legal Analysis of Current Lawsuit

Plaintiff now seeks a preliminary injunction to prevent the IRS from levying against Plaintiff's Firstmark Credit Union account to satisfy delinquent federal income tax liability and to compel the IRS to participate in a "Constitutional Due Process of Law Hearing" regarding its collection efforts. Plaintiff argues that he is not subject to the "doctrine of administrative remedies" and not required to participate in a Collection Due Process hearing before filing suit because he is not a "taxpayer." The Notice of Levy indicates that Plaintiff owes at least $175,979.98 in delinquent federal income tax.

A preliminary injunction cannot be issued without notice to the adverse party. FED. R. CIV. P. 65(a)(1); *Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir. 1992). This is to allow the opposing party a fair opportunity to oppose the preliminary injunction. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 432 n.7 (1974). Compliance with the notice provision is mandatory. *Parker*, 960 F.2d at 544. Notice under Rule 65(a)(1) should comply with rule 6(d), which requires five days' notice before a hearing on a motion. *Marshall Durbin Farms v. National Farmers Org.*,

446 F.2d 353, 358 (5th Cir.1971). Under Rule 6(a), weekends and holidays may not be included in the computation of a five-day period. *Parker*, 960 F.2d at 544. Although Rule 65(a) does not require formal service of process, the sufficiency of written and actual notice to adverse party prior to issuance of preliminary injunction is a matter for trial court's discretion. *Corrigan Dispatch Co. v. Casa Guzman, S. A.*, 569 F.2d 300, 302 (5th Cir. 1978). Therefore, Plaintiff must give Defendant adequate notice of this action before he can pursue a preliminary injunction against the IRS. In this case, lack of notice is irrelevant because the Court is dismissing Plaintiff's claim with prejudice.

Although Plaintiff demands a hearing on this preliminary injunction, the Court is not required to hold an oral hearing and may issue a ruling based solely on the written submissions when the only issues in dispute are legal and the parties have been given opportunity to present their case. *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th. Cir. 1996). The Court believes that only legal issues are involved in this case because (1) Plaintiff has failed to exhaust his administrative remedies, mandating dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction; (2) the anti-injunction act explicitly precludes the Court from issuing an injunction or even entertaining this suit, mandating dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction; and (3) Plaintiff's legal arguments are patently frivolous, mandating dismissal pursuant to Rule 12(b)(6) for failure to state a claim.

A Court may dismiss a case on its own initiative (i.e. *sua sponte*) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Fed. R. Civ. P. 12(h)(3)("Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action")(emphasis added); *Clark v. Commercial State Bank*, No. MO-00-CA-140, 2001 WL 685529, *8 (W.D. Tex. April 16, 2001);*Geddie v. Seaton*, No. 3:05-CV-2216-R, 2005 WL

3478114, *3 (N.D. Tex. Dec. 19, 2005)("Courts have the duty to raise the question of subject matter jurisdiction *sua sponte* under rule 12(b)(1)" )(citing *Bridgmon v. Array Systems Corporation*, 325 F.3d 572, 575 (5th Cir.2003)).

The Court does not have subject matter jurisdiction over this case because Plaintiff is a taxpayer who must exhaust his administrative remedies. Plaintiff must challenge the levy in an IRS Collection Due Process hearing before prosecuting this action in federal court.[1] Plaintiff objects to participating in the IRS Collection Due Process hearing because it is tainted by conflict-of-interest. *See* 26 U.S.C. § 6330 ("Notice and Opportunity for Hearing before Levy"). Instead, Plaintiff wants the Court to order the IRS to provide Plaintiff with a "Constitutional Due Process of Law" hearing. However, this Court has no jurisdiction over this case unless the United States has waived its sovereign immunity and Plaintiff has exhausted his administrative remedies. *See Glass v. U.S.*, No. 02-11370, 2003 WL 21418138, *1 (5th Cir. 2003). If Plaintiff disagrees with the resolution of his claim after administrative appeal from the Collection Due Process hearing, then he can appeal that decision to the Tax Court, or to the District Court if the Tax Court does not have jurisdiction. 26 U.S.C. § 6330(d). Importantly, the levy is usually suspended for the pendency of the administrative appeal; however, the Collection Due Process hearing must be requested within 30 days after the notice of levy is sent by certified mail. 26 U.S.C. §§ 6330(a)(2), 6330(e). Plaintiff should pursue his administrative remedies if he wishes to contest the levy.

In addition to his failure to exhaust administrative remedies, Plaintiff is also barred by statute from obtaining injunctive relief and from maintaining this suit. An injunction or suit against the United States and its agents is expressly prohibited by the Anti-Injunction Act, 26 U.S.C. § 7421(a),

---

[1] *See* Collection Appeal Rights, http://www.irs.gov/pub/irs-pdf/p1660.pdf

which provides in relevant part that:

> Except as provided in [*inter alia*] section . . . 6330 [Collection Due Process hearing to contest levy] . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person whether or not such person is the person against whom such tax was assessed.

The primary purpose of the statute is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference 'and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Smith v. Rich*, 667 F.2d 1228, 1230 (5th Cir.1982)(affirming dismissal of tax injunction action and quoting *Bob Jones University v. Simon*, 416 U.S. 725, 736 (1974)). Plaintiff seeks to enjoin enforcement of an IRS levy. In a similar case in which a taxpayer sought "to prevent the government from enforcing a federal tax lien against the taxpayer's property," the action was dismissed for "want of jurisdiction." *Steele v. Regan*, 755 F.2d 1091, 1094 (4th Cir. 1985)(citing *Bob Jones University* to find no jurisdiction over the tax injunction suit). In *Reagan*, the Fourth Circuit remanded the case to the district court "with instructions to amend its order dismissing the complaint to indicate its dismissal for lack of jurisdiction" pursuant to 12(b)(1). *Id.* Additionally, 28 U.S.C. § 2201 expressly prohibits declaratory judgments "with respect to Federal taxes." Thus, the Court DISMISSES WITH PREJUDICE Plaintiff's claim for lack of subject matter jurisdiction.

     In the alternative, the Court DISMISSES WITH PREJUDICE Plaintiff's claim for failure to state a claim upon which relief may be granted. In addition to seeking injunctive relief that is unavailable to him, Plaintiff is also pursing frivolous legal arguments that have been consistently and universally rejected by every federal court that has considered them, including this Court. For example, Plaintiff opines that he does not owe federal income tax because he is a "Sovereign-

Citizen" of the Republic of Texas and not a citizen of the United States. Plaintiff relies on this argument in asserting that he is not a taxpayer who is subject to the administrative exhaustion requirement.

The Fourteenth Amendment to the United States Constitution defines the basis for United States citizenship, stating that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." The Fourteenth Amendment therefore establishes simultaneous state and federal citizenship. Claims that individuals are not citizens of the United States but are solely citizens of a sovereign state and not subject to federal taxation have been uniformly rejected by the courts.

*United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) – the court rejected "shop worn" argument that defendant is a citizen of the "Indiana State Republic" and therefore an alien beyond the jurisdictional reach of the federal courts.

*United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) – the court rejected the Gerads' contention that they were "not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation" and imposed sanctions "for bringing this frivolous appeal based on discredited, tax-protester arguments."

*United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) – "Depew's brief on appeal raises numerous arguments pro se, some of the more imaginative of which are: he cannot be punished under the tax laws of the United States because he is a citizen of the sovereign state (the "Republic") of Idaho . . . .These issues are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion."

*United States v. Sloan*, 939 F.2d 499, 500 (7th Cir. 1991), *cert. denied*, 502 U.S. 1060, *reh'g*

*denied*, 503 U.S. 953 (1992) – the court affirmed a tax evasion conviction and rejected Sloan's argument that the federal tax laws did not apply to him because he was a "freeborn, natural individual, a citizen of the State of Indiana, and a 'master' – not 'servant' – of his government."

*United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987), *cert. denied*, 485 U.S. 1022 (1988) – the court found Ward's contention that he was not an "individual" located within the jurisdiction of the United States to be "utterly without merit" and affirmed his conviction for tax evasion.

*O'Driscoll v. Internal Revenue Service*, No. 91-2074, 1991 U.S. Dist. LEXIS 9829, at *5-6 (E.D. Pa. 1991) – the court stated, "despite [taxpayer's] linguistic gymnastics, he is a citizen of both the United States and Pennsylvania, and liable for federal taxes."

*Bland-Barclay v. Commissioner*, T.C. Memo. 2002-20, 83 T.C.M. (CCH) 1119, 1121 (2002) – the court rejected taxpayers' claim that they were exempt from the federal income tax laws due to their status as "citizens of the Maryland Republic," characterized such arguments as "baseless and wholly without merit," and required taxpayers to pay a $1,500 penalty for making frivolous arguments.

*Solomon v. Commissioner*, T.C. Memo. 1993-509, 66 T.C.M. (CCH) 1201, 1202-03 (1993) – the court rejected Solomon's argument that as an Illinois resident his income was from outside the United States, stating "[he] attempts to argue an absurd proposition, essentially that the State of Illinois is not part of the United States. His hope is that he will find some semantic technicality which will render him exempt from Federal income tax, which applies generally to all U.S. citizens and residents. [His] arguments are no more than stale tax protester contentions long dismissed summarily by this Court and all other courts which have heard such contentions."

## IV. Conclusion

The Court DISMISSES WITH PREJUDICE Plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Alternatively, the Court DISMISSES WITH PREJUDICE Plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6). The Court finds that Plaintiff has "advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts." *Stearman*, 436 F.3d at 537. The Clerk is instructed to close this case.

It is so ORDERED.

SIGNED this 20th day of November, 2006.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE